# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

---

| | |
|---|---|
| United States of America, | Criminal No. 08-220 (1) (RHK/JJG) |
| Plaintiff, | **ORDER** |
| v. | |
| Shermoan Orlandus Smith, | |
| Defendant. | |

---

Before the Court is Defendant's Motion to Reduce Sentence Pursuant to 18 U.S.C. § 3582(c)(2). The Motion is opposed by the Government.

On November 24, 2008, Defendant entered a plea of guilty to distributing cocaine base in violation of 21 U.S.C. §§ 841(a) and 841(b)(1)(A). He was sentenced to a prison term of 120 months, the mandatory minimum for the offense.

Defendant seeks a reduction of his sentence based upon Amendments 750 and 759 to the Sentencing Guidelines effective November 1, 2011, which lowered the base offense levels applicable to certain cocaine base ("crack") offenses; he also seeks retroactive application of the Fair Sentencing Act in light of the United States Supreme Court decision in Dorsey v. United States, 567 U.S. ___, 132 S. Ct. 2321 (2012).

His reliance upon Dorsey is misplaced. Defendant's sentence is limited by applicability of the ten-year statutory mandatory minimum penalty. A defendant who receives the mandatory minimum term of imprisonment is not eligible for a sentence

reduction under 18 U.S.C. § 3582(c)(2) based on the amended crack guidelines.  See United States v. Peters, 524 F.3d 905, 906 (8th Cir. 2008); United States v. Black, 523 F.3d 892, 893 (8th Cir. 2008).  See also U.S.S.G. §§ 1B1.10(b)(2)(A) cmt. n.1(A)(ii) (reduction not authorized if the retroactive amendment does not lower the defendant's applicable guideline range because of a statutory provision, *e.g.* a statutory mandatory minimum sentence).

In addition, Dorsey held that the Fair Sentencing Act's ("FSA") "more lenient penalty provisions apply to offenders who committed a crack cocaine crime before August 3, 2010, but that were not sentenced until after August 3."  Dorsey, 132 S. Ct. at 2326.  Here, the dates of the Defendant's criminal offenses (February 22, 2008) and sentencing (April 13, 2009) both occurred before enactment of the FSA.  Accordingly, the FSA's reduced statutory mandatory minimum penalties are not applicable here.

Based on the foregoing, and upon all the files, records and proceedings herein, **IT IS ORDERED** that Defendant's Motion to Reduce Sentence Pursuant to 18 U.S.C. § 3582(c)(2) (Doc. No. 52) is **DENIED**.

Dated:  August 24, 2012

s/Richard H. Kyle<br>
RICHARD H. KYLE<br>
United States District Judge